Alfred Ronnie **HARRELL,** Petitioner,

v.

**Thomas ISRAEL, Warden, and the Attorney General of the State of Wisconsin, Respondents.**

**No. 79–C–391.**

United States District Court,
E. D. Wisconsin.

Oct. 2, 1979.

---

Mark Lukoff, Asst. Public Defender, Milwaukee, Wis., for petitioner.

Kirbie Knutson, Asst. Atty. Gen., Madison, Wis., for respondents.

## MEMORANDUM AND ORDER

WARREN, District Judge.

The petitioner was tried and convicted of two counts of rape resulting from two acts of sexual intercourse with the same woman, at the same location and within twenty-five minutes of each other. The petitioner contends that these two convictions violate the double jeopardy clause of the Fifth Amendment of the United States Constitution because the two acts were part of a continuing offense which could be the basis for charging only one count of rape.

The facts of this case are clear. On February 13, 1976, the petitioner drew a gun on a woman while she was entering the lobby of her apartment building. He then ordered her to walk to the basement of the building to a secluded spot under a set of stairs. At gunpoint he ordered the woman to disrobe and remain silent. If she refused, he threatened to blow off her head. The woman complied with his orders and the petitioner then demanded all her money. The woman gave him what she had and then he ordered her to lie down and he then had sexual intercourse with her. At all times the petitioner held a gun to the woman's head.

Approximately twenty-five minutes after the completion of the first act of intercourse, the petitioner again had intercourse with the woman and again he held a gun to her head. During the twenty-five-minute interval between the two acts of inter-

course, the petitioner had searched through the woman's clothing and engaged in conversation with her. All the while, the woman remained naked and the petitioner kept a gun pointed at her. (Tr. pp. 80–92).

At his trial, the petitioner moved to dismiss one count of rape alleging multiplicity and violation of the double jeopardy clause. The trial judge denied these motions, and after conviction and sentencing, the petitioner filed a post-conviction relief motion on the same grounds. That motion was also denied and the Wisconsin Court of Appeals affirmed the conviction. The court held that the conviction did not violate the state or federal double jeopardy provision and that the legislature had not intended the two acts of sexual intercourse, which occurred under the circumstances of this case, to be a continuing offense. *Harrell v. State,* 88 Wis.2d 546, 561, 277 N.W.2d 462, 468 (Court of Appeals, 1979). The Wisconsin Supreme Court declined further review and, therefore, the petitioner has exhausted his state remedies as required under 28 U.S.C. § 2254.

The petitioner has brought the habeas corpus petition alleging that his conviction on the two rape charges violates the double jeopardy clause of the Fifth Amendment of the Constitution. The petitioner alleges that the charges were multiplicitous because the two acts were part of a continuing crime. Petitioner argues because both acts of sexual intercourse occurred under the same threat of force, *i. e.,* a gun at the victim's head and at the same location, within minutes of each other, that they constitute the same offense in law and in fact. Therefore, the petitioner concludes his convictions placed him in double jeopardy.

The Fifth Amendment of the United States Constitution provides, in part: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." This clause is applicable to the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1968). While the language of the double jeopardy provision appears rather straightforward, the concept and its application is complex. In interpreting this provision, the Supreme Court has identified three areas of protections and interests served by this clause. *United States v. Wilson,* 420 U.S. 332, 343, 95 S.Ct. 1013, 1021–1022, 43 L.Ed.2d 232 (1974). In *Wilson, supra,* the Court stated:

> In *North Carolina v. Pearce,* 395 U.S. 711 [, 89 S.Ct. 2072, 23 L.Ed.2d 656] (1969), we observed that the Double Jeopardy Clause provides three related protections:
>
> > "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." Id., at 717 [, 89 S.Ct. 2072, at 2076.]
>
> The interests underlying these three protections are quite similar. When a defendant has been once convicted and punished for a particular crime, principles of fairness and finality require that he not be subjected to the possibility of further punishment by being again tried or sentenced for the same offense. *Ex parte Lange,* 18 Wall. 163 [, 21 L.Ed. 872] (1874); *In re Nielsen,* 131 U.S. 176 [, 9 S.Ct. 672, 33 L.Ed. 118] (1889). When a defendant has been acquitted of an offense, the Clause guarantees that the State shall not be permitted to make repeated attempts to convict him, "thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty."

As part of the third protection identified above, the Court has interpreted this clause to bar multiple prosecution of continuous crimes such as bigamy. *In re Snow,* 120 U.S. 274, 7 S.Ct. 556, 30 L.Ed. 658 (1887).

██ In determining whether an offense is continuous or not, the Court must look to the statute and the intent of the legislature. The legislature sets the unit of prosecution within the boundaries of the Constitution. If the statute prohibits indi-

vidual acts, then the offense is not continuous. If, however, the statute prohibits a course of action, or a series of acts over time, then it is a continuous offense and any conviction or acquittal based on a portion of that course of action will bar prosecution on the remainder. *Blockburger v. United States,* 284 U.S. 299, 302, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *In re Snow, supra.* When the unit of prosecution is unclear, the courts must look to the legislature's intent and interpret the statute with lenity. *United States v. Universal C.I.T. Credit Corp.,* 344 U.S. 218, 221–22, 73 S.Ct. 227, 97 L.Ed. 260 (1952). *See United States v. Jones,* 533 F.2d 1387, 1390 (6th Cir. 1976) *cert. denied,* 431 U.S. 964, 97 S.Ct. 2919, 53 L.Ed.2d 1059 (1977).

■ In interpreting a state statute in an action for a writ of habeas corpus, the federal courts are bound by the interpretation of the state's highest court. *Ansley v. Stynchcombe,* 480 F.2d 437, 439 (5th Cir. 1973); *Davis v. Bennett,* 400 F.2d 279, 281 (8th Cir. 1968) *cert. denied,* 395 U.S. 980, 89 S.Ct. 2137, 23 L.Ed.2d 768 (1969).

■ In the instant case, the decision of the Wisconsin Court of Appeals is the final decision of the state's highest court because the State Supreme Court denied further review. *O'Brien v. Skinner,* 414 U.S. 524, 531, 94 S.Ct. 740, 38 L.Ed.2d 702 (1972); *Gooding v. Wilson,* 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972); *Thorington v. Cash,* 494 F.2d 582, 587 (5th Cir. 1974). The Court of Appeals held that the legislature had not intended section 944.01 of the Wisconsin Statutes to be a continuous offense in regard to the circumstances of this case. *Harrell v. State, supra.* This Court, therefore, is bound by that determination.

■ In determining whether this unit of prosecution is allowable within the meaning of the double jeopardy clause, the petitioner urges the Court to use the test set out in *United States v. Marzani,* 71 F.Supp. 615, 618 (D.D.C.1947). In *Marzani,* the Court held that the prohibition against double jeopardy is violated when a conviction on one count and an acquittal on another would bring about a contradiction on the face of a verdict. This test relates to the multiplicity of an indictment. It is, however, applicable to determining the allowable unit of production because multiplicity is the charging of one offense in more than one count of an indictment. *United States v. Free,* 574 F.2d 1221 (5th Cir. 1978). This test is in essence another method for determining whether an offense is continuous or not. Applying this test, the Court finds that there would be no contradiction on the face of the verdict if the jury found the petitioner guilty of one count and not the other.

■ The elements of rape require the prosecution to show that the defendant had sexual intercourse, by threat of force and against her will, with a female who he knew was not his wife. Wis.Stats. § 944.01 (1973). Furthermore, sexual intercourse only requires vulvar penetration, not emission. Wis.Stats. § 939.22.

In the instant case, while the testimony indicates that each incident occurred under the same conditions, the state still had to prove all the elements in each situation. It is conceivable that the state could fail to meet the burden as to an essential element as to one incident and not to the other.

■ In addition, the Court notes that, although the facts were similar in each incident, the fear to the individual in each incident is unique. Furthermore, the Court notes that the interpretation of the statute suggested by the petitioner would allow a person to commit multiple acts of sexual intercourse over a period of time with a victim and be responsible for only one offense. Such an interpretation, this Court believes was never intended. *See Lillard v. State,* 528 S.W.2d 207 (Tenn.Cr.App.). Each act of rape subjects a victim to extreme fear and humiliation. This Court finds that multiple incidents of rape under the circumstances of this case are not one offense but rather are two separate offenses in fact. While the means and manner are the same, the intent of the petitioner was to commit two acts and, therefore, the acts are punishable as separate of-

fenses. In no way can the situation be construed as similar to possessory offenses and bigamy which are by their continuing nature continuous offenses. *In re Snow, supra.* The acts here were not continuous. There was a hiatus of twenty-five minutes between each and the petitioner's conduct demonstrated two separate volitional acts. The Court finds that the petitioner's conviction on two counts of rape did not violate the double jeopardy provisions of the United States Constitution. Therefore, this petitioner's request for a writ of habeas corpus must be and is hereby denied.

■ The Court notes that the petitioner in his brief urged the Court to use the standard set out in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) to determine if the petitioner's conviction constituted double jeopardy. In *Blockburger,* the Court discussed the situation where an offense is punished separately under two statutes. In that case, the Court stated:

> [t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. . . . *Id.* at 304, 52 S.Ct. at 182.

This standard is inappropriate for situations where one is convicted under the same statute for two separate acts. *United States v. Jones, supra.* The Court has declined, therefore, to apply this standard.

In summary, the petitioner's request for a writ of habeas corpus must be and is hereby denied.

SO ORDERED this 2nd day of October, 1979, at Milwaukee, Wisconsin.