[No. 65565-1. En Banc.]
Argued September 9, 1998.    Decided October 15, 1998.

THE STATE OF WASHINGTON, *Respondent*, v. HUSSAIN ADEL, *Petitioner.*

630

TALMADGE, J., concurs by separate opinion.

*John S. Hutson* and *Mark W. Muenster*, for petitioner.
*Arthur D. Curtis, Prosecuting Attorney*, and *Kathleen A. Rukliss, Deputy*, for respondent.

DOLLIVER, J. — Hussain Adel claims his two convictions for simple possession of marijuana violate double jeopardy. We agree, and we reverse one conviction.

Hussain Adel was the owner and operator of a convenience store in Clark County. Officers from the Clark-Skamania Drug Task Force contacted Adel in his store for an investigative stop. The officers obtained Adel's consent to search both the store and Adel's car which was parked outside.

In the car's ashtray the officers found three cigarette butts. The butts tested positive for marijuana and weighed 0.1 gram. In the store the officers found marijuana around the cash register counter. The evidence from the store weighed less than 0.2 gram. In total, the marijuana discovered both in the car and in the store amounted to less than 0.3 gram—approximately the weight of three large paper clips.

Adel was charged with two counts of simple possession of marijuana. One charge was based upon the marijuana fragments found in Adel's car, and the other charge was based upon the minuscule amount of marijuana found in the store. The district court found Adel guilty on both charges.

The superior court affirmed Adel's two convictions in a one-page ruling. Adel sought discretionary review by the Court of Appeals, but a court commissioner denied review in a detailed ruling. The Court of Appeals declined to modify the commissioner's ruling. We accepted the case for review to consider the double jeopardy issue.

Adel did not raise the double jeopardy argument at

trial, but the constitutional challenge may be raised for the first time on appeal. *State v. O'Connor*, 87 Wn. App. 119, 123, 940 P.2d 675 (1997) (citing *State v. Lopez*, 79 Wn. App. 755, 761 n.2, 904 P.2d 1179 (1995)).

■ ■ The double jeopardy clause of the Fifth Amendment offers three separate constitutional protections. *State v. Gocken*, 127 Wn.2d 95, 100, 896 P.2d 1267 (1995). The state constitutional rule against double jeopardy, Const. art. I, § 9, offers the same scope of protection as its federal counterpart. *Gocken*, 127 Wn.2d at 107. One aspect of double jeopardy protects a defendant from being punished multiple times for the same offense. *Gocken*, 127 Wn.2d at 100; *State v. Calle*, 125 Wn.2d 769, 772, 888 P.2d 155 (1995).

■ If Adel's possession of marijuana in two places constitutes just one criminal act, or one "unit of prosecution," then Adel's two convictions violate double jeopardy by punishing him twice for the same offense. Double jeopardy is implicated whether or not Adel's sentences are served concurrently or consecutively. *Ball v. United States*, 470 U.S. 856, 865, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985); *Calle*, 125 Wn.2d at 774-75. A defendant's having two convictions creates other adverse consequences besides jail time. Adel's is a unique situation where the adverse consequences of having two convictions are far greater than had there been one conviction. As a legal alien, Adel is subject to deportation if convicted of *two* drug charges. *See* 8 U.S.C. § 1227(a)(2)(B)(i) (Supp. II 1996).

To determine if a defendant has been punished multiple times for the same offense, this court has traditionally applied the " 'same evidence' " test. *Calle*, 125 Wn.2d at 777. Under the same evidence test, double jeopardy is violated if a defendant is convicted of offenses which are the same in law and in fact. *Calle*, 125 Wn.2d at 777-78. The same evidence test mirrors the federal "same elements" standard adopted in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 2d 306 (1932). *Gocken*, 127 Wn.2d at 107.

A Court of Appeals commissioner dismissed Adel's double

jeopardy argument by relying upon the same evidence test and *State v. McFadden*, 63 Wn. App. 441, 820 P.2d 53 (1991). The commissioner found the two marijuana convictions were not the same in fact, each being based upon separate evidence, so the commissioner held the two convictions withstood the double jeopardy attack. The commissioner's reliance upon the same evidence test in this case is misplaced.

Both the same evidence test and *Blockburger*'s same elements test are inapplicable to Adel's situation because both tests apply only to a situation where a defendant has multiple convictions for violating *several* statutory provisions. *Blockburger*, 284 U.S. at 304 ("The applicable rule is that where the same act or transaction constitutes a violation of *two distinct statutory provisions*, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.") (emphasis added). *See also Rashad v. Burt*, 108 F.3d 677, 679-80 (6th Cir. 1997) ("[T]he *Blockburger* test is insufficient where . . . the concern is not multiple charges under separate statutes, but rather successive prosecutions for conduct that may constitute the same act or transaction."), *cert. denied*, 522 U.S. 1075, 118 S. Ct. 850, 139 L. Ed. 2d 751 (1998); *United States v. Woods*, 568 F.2d 509, 513 n.1 (6th Cir. 1978). *See generally* George C. Thomas III, *A Unified Theory of Multiple Punishment*, 47 U. Pitt. L. Rev. 1, 23-25 & n.115 (1985) (analyzing and criticizing cases which erroneously applied *Blockburger* to the unit of prosecution context).

When a defendant is convicted for violating one statute multiple times, the same evidence test will *never* be satisfied. As previously mentioned, the same evidence test asks whether the convicted offenses are the same in law and the same in fact. Two convictions for violating the same statute will always be the same in law, but they will never be the same in fact. In charging two violations of the same statute, the prosecutor will always attempt to distinguish the two charges by dividing the evidence supporting each

charge into distinct segments. *See* Michelle A. Leslie, Note, State v. Grayson: *Clouding the Already Murky Waters of Unit of Prosecution Analysis in Wisconsin,* 1993 WIS. L. REV. 811, 824 (making this same point to illustrate that the "identical in law and in fact" analysis is not useful in the unit of prosecution context).

■■ The proper inquiry in this case is what "unit of prosecution" has the Legislature intended as the punishable act under the specific criminal statute. *See Bell v. United States,* 349 U.S. 81, 83, 75 S. Ct. 620, 99 L. Ed. 905 (1955); *State v. Mason,* 31 Wn. App. 680, 685-87, 644 P.2d 710 (1982). The Legislature has the power, limited by the Eighth Amendment, to define criminal conduct and set out the appropriate punishment for that conduct. *Bell,* 349 U.S. at 82. The proper question for this case is what act or course of conduct has the Legislature defined as the punishable act for simple possession of a controlled substance? When the Legislature defines the scope of a criminal act (the unit of prosecution), double jeopardy protects a defendant from being convicted twice under the same statute for committing just one unit of the crime. *See Bell,* 349 U.S. at 83-84 (double jeopardy violated when defendant convicted on two counts of transporting women across state lines when two women were transported at the same time); *In re Snow,* 120 U.S. 274, 7 S. Ct. 556, 30 L. Ed. 658 (1887) (double jeopardy violated when defendant convicted on multiple counts of plural cohabitation when the cohabitation was continuous and ongoing). The unit of prosecution issue is unique in this aspect: While the issue is one of constitutional magnitude on double jeopardy grounds, the issue ultimately revolves around a question of statutory interpretation and legislative intent. *See* Peter Westen & Richard Drubel, *Toward a General Theory of Double Jeopardy,* 1978 SUP. CT. REV. 81, 113; Note, *Twice in Jeopardy,* 75 YALE L.J. 262, 313 (1965).

If the Legislature has failed to denote the unit of prosecution in a criminal statute, the United States Supreme Court has declared the ambiguity should be construed in

favor of lenity. *Bell*, 349 U.S. at 84 ("[I]f Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses . . . ."); *see also United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 221-22, 73 S. Ct. 227, 97 L. Ed. 260 (1952). The United States Supreme Court has been especially vigilant of overzealous prosecutors seeking multiple convictions based upon spurious distinctions between the charges. *Brown v. Ohio*, 432 U.S. 161, 169, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977) ("The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units."); *Snow*, 120 U.S. at 282 (if prosecutors were allowed arbitrarily to divide up ongoing criminal conduct into separate time periods to support separate charges, such division could be done ad infinitum, resulting in hundreds of charges).

We now turn to the facts of this case. The first step in the unit of prosecution inquiry is to analyze the criminal statute. The relevant portion of the possession statute states, "any person found guilty of possession of forty grams or less of marihuana shall be guilty of a misdemeanor." RCW 69.50.401(e). Possession has been defined as personal custody or dominion and control. *State v. Staley*, 123 Wn.2d 794, 798, 872 P.2d 502 (1994). If the State establishes the nature of the substance and the defendant's possession of it, then the elements of unlawful possession have been met. *Id.*

RCW 69.50.401(e) fails to indicate whether the Legislature intended to punish a person multiple times for simple possession based upon the drug being stashed in multiple places. This lack of statutory clarity favors applying the rule of lenity and finding Adel guilty on only one count of simple possession. *See Bell*, 349 U.S. at 84. Further analysis supports this finding.

The Legislature's intent is obviously relevant when construing an ambiguous statute. One way of construing

legislative intent regarding the unit of prosecution for a simple possession crime is to refer to the 40 gram cutoff between a misdemeanor and a felony. *See* RCW 69.50.401(e). The Legislature has indicated the desire to punish possession of over 40 grams of marijuana as a more serious crime. In doing so, the Legislature focused solely on the quantity of the drug, and did not reference the spatial or temporal aspects of possession. Indeed, if officers had found 21 grams in Adel's store, and 21 grams in his car, prosecutors most certainly would have attempted to aggregate the two stashes and charge Adel with felony possession. *Cf. Rashad*, 108 F.3d at 682 (applying same reasoning in finding just one count arose from defendant's possessing drugs in his house and more in his car); *State v. Lopez*, 79 Wn. App. 755, 762, 904 P.2d 1179 (1995) ("If the source of the drug or the manner in which it was possessed was a determining factor, a careful defendant could avoid the heightened penalty simply by making sure he acquired them in or divided them into amounts of less than two kilograms.").

The State's argument that Adel violated the possession statute multiple times simply because he constructively possessed the drug in two different places rests on a slippery slope of prosecutorial discretion to multiply charges. How far apart do drugs have to be kept to constitute "separate" stashes? Under the State's theory it seems a defendant could be convicted of three counts of possession if the drug was found in the defendant's sock, pant pocket, and purse—each "location" being a "separate" place. A reasonable person would respond that all the drugs found were on the defendant's person, and the drugs could not be segregated by the different locations on the defendant's person to justify separate convictions. The same reasonable response can be made in Adel's situation: All of the drugs found in this case were within Adel's dominion and control at the same time. The possession statute does not authorize multiple convictions based upon a drug being stashed in multiple places within a defendant's actual or constructive possession.

In *State v. Mason*, 31 Wn. App. 680, 644 P.2d 710 (1982), the proprietor of a steam bath and massage parlor was convicted on three counts of promoting prostitution for her employment of three different women who committed acts of prostitution at the business. The Court of Appeals analyzed the statute criminalizing the promotion of prostitution and then reasoned:

> The apparent evils the legislature sought to attack were "advancing prostitution" and "profiting from prostitution." A person is equally guilty of either of those evils whether he has only one prostitute working for him or several . . . . We find this case substantially indistinguishable from the plural cohabitation in *Snow* and the interstate transportation of two women in *Bell*.

*Mason*, 31 Wn. App. at 687. This analysis is particularly insightful as applied to Adel's situation. The Legislature declared it a misdemeanor to possess 40 grams or less of marijuana. A person is *equally guilty* of possession whether that person has the drug stashed in one place, or hidden in several places under the person's dominion and control. There is no statutory indication the Legislature intended to punish a person multiple times merely because the person separates and keeps small amounts of marijuana in different locations. We find the unit of prosecution in RCW 69.50.401(e) is possessing 40 grams of marijuana or less, regardless of where or in how many locations the drug is kept. Adel's conduct constitutes only one violation of the statute, so we reverse one of his two convictions, and we remand for resentencing on the remaining conviction.

An apparent conflict between several Court of Appeals cases must be discussed in light of our unit of prosecution analysis. The conflict between *State v. McFadden*, 63 Wn. App. 441, 820 P.2d 53 (1991), *State v. Lopez*, 79 Wn. App. 755, 904 P.2d 1179 (1995), and *State v. O'Connor*, 87 Wn. App. 119, 940 P.2d 675 (1997) is a result of the double jeopardy same evidence test inappropriately being discussed and applied to the unit of prosecution context.

In *McFadden*, the defendant went to an apartment to

sell cocaine to an informant. Police raided the apartment and caught McFadden with 5.5 grams of cocaine. Police then searched the van which McFadden had driven to the apartment, and they discovered another 83.9 grams of cocaine. *McFadden*, 63 Wn. App. at 443. McFadden was charged with two counts of possession with intent to deliver. He challenged the two convictions as violating double jeopardy. The court disagreed:

> Here the two offenses are not the same factually. They involve different quantities of cocaine and different locations.

*McFadden*, 63 Wn. App. at 452. This analysis is deficient because it ignores the unit of prosecution question. The crime was possession of a controlled substance with the intent to deliver. One unit of prosecution was satisfied by McFadden's possession of drugs in the apartment. He intended to sell the 5.5 grams to the occupants of the apartment, satisfying the elements of the crime. The drugs found in McFadden's van clearly formed a *second* unit of prosecution. McFadden possessed the drugs in the van with an obvious intent to deliver them to unknown buyers in the future. The two crimes charged in *McFadden* were not premised on the fact that the drug was found in two different locations. The two crimes were premised on the showing that McFadden had two *separate and distinct* intents to deliver drugs in his possession—one intent to sell in the present to the occupants of the apartment and one intent to sell drugs in the future. *Cf. State v. Porter*, 133 Wn.2d 177, 184, 942 P.2d 974 (1997) (analyzing cases where two counts of drug crimes were premised on present intent and future intent to commit the same crime). Even though the same evidence test should not have been applied to the facts of the case, the result in *McFadden* is nonetheless correct under the proper unit of prosecution analysis.

In *State v. Lopez*, 79 Wn. App. 755, Lopez was arrested in a car during a controlled drug buy with an informant. The cocaine he had just purchased was found on the floorboard of the car, and additional cocaine, unrelated to the present

deal, was found on Lopez's person. The cocaine on his person was packaged in 14 bindles and appeared to be intended for distribution. Lopez was charged with two counts of possession with intent to deliver, one count based on the cocaine he had just purchased, and the other count based on the separate cocaine found on his person.

*Lopez* discussed the same evidence test, but ultimately decided the "separate" evidence of the two quantities of cocaine failed to support two charges. The court observed, "[I]t is difficult to see how the source of contraband or how it is held should have an effect on the crime of possession." *Lopez*, 79 Wn. App. at 762. *Lopez* came closer to recognizing the unit of prosecution issue than did *McFadden*, but it still discussed the same evidence test as being applicable. Lopez may have had two distinct quantities of cocaine under his dominion and control, and evidence showed the two quantities came from separate sources, but none of that evidence was relevant to the unit of prosecution for possession with intent to deliver. The evidence failed to establish more than one intent to deliver the drugs in the future—there were not two distinct intents to deliver, as there were in *McFadden*. The results of *Lopez* and *McFadden* compliment each other when the proper unit of prosecution analysis is applied to both cases.

*State v. O'Connor*, 87 Wn. App. 119, 940 P.2d 675 (1997), closely follows *Lopez*, but the case does not actually present a unit of prosecution question. O'Connor was found in a car with 71 grams of methamphetamine in his left sock, 1.1 grams of the same drug in his right front jacket pocket, and 1.4 grams of the same drug found in a blue metal box on the floor of the car. *O'Connor*, 87 Wn. App. at 121-22. The State charged O'Connor with one count of possession with intent to deliver and a separate count of simple possession. The Court of Appeals appropriately applied the same in law and same in fact analysis, since the two charges were based upon different statutory subsections.

First, the court found the two charges were legally identi-

cal. *O'Connor*, 87 Wn. App. at 123 (each offense did not contain an element not contained in the other, so the two offenses were identical). The court then discussed *McFadden* and *Lopez* and determined O'Connor's possession of all of the methamphetamine constituted one transaction and could not be divided up to justify two separate convictions. The simple possession conviction was vacated as being in violation of double jeopardy. *O'Connor*, 87 Wn. App. at 126.

*O'Connor* properly applied the same evidence test to the case. The court's reliance on *Lopez* when discussing whether the criminal conduct was one act or transaction simply recognized the similarity of the unit of prosecution inquiry and the same evidence analysis. In both contexts, a court should guard against the State's attempting to segment a singular criminal act to form the basis for multiple convictions.

In conclusion, *McFadden* and *Lopez* are disapproved insofar as both cases apply the traditional same evidence analysis when the proper question should have focused on the unit of prosecution.

DURHAM, C.J., and SMITH, GUY, JOHNSON, MADSEN, ALEXANDER, TALMADGE, and SANDERS, JJ., concur.

TALMADGE, J. (concurring) — I concur specially to emphasize the unit of prosecution approach to double jeopardy is necessarily one that must develop on a case-by-case basis. There may be circumstances in future cases where the jurisdictional or temporal differences in the possession of illegal substances may be so great as to suggest completely distinct units of prosecution. For example, if a person were arrested in Seattle for possessing 20 grams of marijuana, and Spokane police served a search warrant on the person's Spokane residence and found 15 grams of marijuana on that same day, two distinct units of prosecution might exist. Similarly, if a person were in possession of 20 grams of marijuana and used the substance in its entirety, and, thereafter, several days later acquired another 15 grams of

marijuana for personal use, two distinct units of prosecution are likely present under such circumstances.

The unit of prosecution approach to analyzing double jeopardy is appropriate, but is not completely without difficulty in its application. *Compare, Bell v. United States*, 349 U.S. 81, 75 S. Ct. 620, 99 L. Ed. 905 (1955), *and Ebeling v. Morgan*, 237 U.S. 625, 35 S. Ct. 710, 59 L. Ed. 1151 (1915). We must be sensitive to different factual patterns in utilizing the unit of prosecution approach to determine if there is multiple punishment for purposes of the double jeopardy clause.