[No. 50511-4-I. Division One. July 21, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. JERRY LEE JONES, *Appellant*.

*Jerry Lee Jones*, pro se.

*Oliver R. Davis* (of *Washington Appellate Project*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Angela J. Kaake, Deputy*, for respondent.

BAKER, J. — Jerry Lee Jones was arrested after a police officer observed him picking up rocks of cocaine from the ground. A search incident to arrest yielded a crack pipe with cocaine residue. Jones was charged with two counts of possession of cocaine: one count for the cocaine residue on the pipe and the second count for the rocks of cocaine he was attempting to pick up when the officer observed him. A jury found him guilty of one count of attempted possession of cocaine and one count of possession of cocaine. On appeal, Jones argues that his convictions expose him to double jeopardy. Because Jones' conduct occurred at the same location, at the same time, and violated the same underlying criminal statute, we conclude that Jones' convictions twice expose him to jeopardy. We reverse the conviction for attempted possession of cocaine.

## I

Jerry Lee Jones was observed by police crouched in a doorway at night, picking up rocks of what appeared to be crack cocaine from the ground. When Jones noticed the presence of officers, he put some of the rocks into his mouth and quickly walked away. When stopped by the officer, Jones began to vigorously chew and swallow. Jones was placed under arrest and, during the search incident to arrest, a crack pipe with cocaine residue was found in Jones' pocket. The officer retrieved the rocks that remained in the doorway. Both the rocks in the doorway and the residue in the pipe tested positive for cocaine.

Jones was charged with two counts of possession of cocaine. After a jury trial, Jones was convicted of the lesser included offense of attempted possession of cocaine on the count based on the rocks of cocaine left in the

doorway, and one count of possession of cocaine. He timely appeals.

## II

Jones argues that under *State v. Adel*,[1] his convictions for possession of cocaine and attempted possession of cocaine violate state and federal double jeopardy guaranties. The State counters that because Jones was convicted under two separate statutes, *Adel* does not apply. Rather, the "same evidence" test applies, and double jeopardy was not violated because his convictions were not the same in fact. We conclude that while technically Jones' convictions were based on separate statutes, the unit of prosecution test applies under the circumstances presented here, and therefore his convictions twice expose him to jeopardy.

■ ■ The double jeopardy provisions in the state and federal constitutions protect citizens from multiple punishments for the same crime.[2] There are two possible tests for determining whether convictions subject a defendant to double jeopardy. If a defendant violated two distinct statutory provisions, the court will apply the "same evidence" test, which mirrors the federal "same elements" test.[3] The convictions violate double jeopardy protection if the offenses are legally and factually identical.[4] Under this test, multiple convictions for multiple violations of the same statute are permitted, based on different factual elements for each conviction.[5] But in *Adel*, our Supreme Court adopted the unit of prosecution test. The court ruled that when a defendant is charged with more than a single count of violating a specific criminal statute, a double jeopardy

---

[1] 136 Wn.2d 629, 965 P.2d 1072 (1998).

[2] U.S. CONST. amend. V; WASH. CONST. art. I, § 9; *In re Pers. Restraint of Davis*, 142 Wn.2d 165, 171, 12 P.3d 603 (2000).

[3] *Adel*, 136 Wn.2d at 632 (citing *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932)).

[4] *Adel*, 136 Wn.2d at 632.

[5] *Adel*, 136 Wn.2d at 633-34.

challenge requires the courts to determine what act or course of conduct the legislature has defined as the punishable act for violation of the particular statute. If the legislature has failed to denote the unit of prosecution in a criminal statute, the ambiguity must be construed in favor of lenity.[6]

The State argues that Jones violated two different statutory provisions, RCW 69.50.401(d) and RCW 9A.28.020. RCW 69.50.401(d) provides:

> It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his or her professional practice, or except as otherwise authorized by this chapter. Any person who violates this subsection is guilty of a crime, and upon conviction may be imprisoned for not more than five years, fined not more than ten thousand dollars, or both . . . .

RCW 9A.28.020 defines criminal attempts applicable to all crimes. In this case, the lesser included offense of attempted possession of cocaine did not require the State to prove the additional element of dominion and control over the controlled substance.

But the State's argument is hypertechnical and, in our view, defies common sense. Just as in *Adel*, Jones was charged with multiple counts of violating the same criminal statute: possession of a controlled substance. The State concedes that if it had successfully convinced the jury to convict Jones on both counts as charged, *Adel* would require that he be sentenced on only one count. Otherwise, double jeopardy would be violated because Jones' course of conduct constituted only one unit of prosecution. But because the prosecution on one of the charged counts failed, in that the jury found Jones guilty only of attempted possession of a controlled substance, the State now argues that the same course of conduct now constitutes two units of prosecution. We do not agree.

---

[6] *Adel*, 136 Wn.2d at 634-35 (citing *Bell v. United States*, 349 U.S. 81, 83-84, 75 S. Ct. 620, 99 L. Ed. 905 (1955)).

 The predicate for applying the *Blockburger v. United States*[7] same elements test is that the same act or transaction constitutes a violation of two *distinct* statutory provisions.[8] In our view, that predicate is missing in this case. Following *Adel*, we look to determine what act or course of conduct our legislature defined as the punishable act (unit of prosecution) for violating the statutory prohibition against possession of a controlled substance. In doing so, we are mindful, as our Supreme Court was in *Adel*, of the United States Supreme Court's cautionary statement in *Brown v. Ohio*[9] that "[t]he Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units."[10]

We conclude, as the court did in *Adel*, that a single unit of prosecution was involved in the charged course of conduct. The conduct occurred at the same time and place, and was charged, albeit in two separate counts, as a violation of the same criminal statute, RCW 69.50.401(d). We therefore reverse the lesser conviction of attempted possession, and remand for resentencing on the remaining conviction.[11]

Jones argues pro se that the trial court should have suppressed the cocaine found on his person because the officers lacked reasonable suspicion to detain him. We disagree because the officer had sufficient information to believe that a crime had been committed.

---

[7] 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

[8] *Blockburger*, 284 U.S. at 304.

[9] 432 U.S. 161, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977).

[10] *Brown*, 432 U.S. at 169.

[11] Jones argues that the proper remedy for the double jeopardy violation is vacation of count II, the possession of cocaine count. This position is unsupported by case law. The appropriate remedy for a double jeopardy violation is vacation of the "lesser" conviction. *State v. Portrey*, 102 Wn. App. 898, 906-07, 10 P.3d 481 (2000); *see also State v. Hinz*, 22 Wn. App. 906, 912-13, 594 P.2d 1350 (1979) (concluding that "[s]ince attempted rape in the second degree is a class C felony . . . whereas assault in the second degree is a class B felony . . . it is the conviction of the lesser offense of attempted rape in the second degree which will be set aside."), *aff'd sub nom. State v. Shipp*, 93 Wn.2d 510, 610 P.2d 1322 (1980).

■ When evaluating an investigatory detention, we make two inquiries: (1) whether the initial interference with the suspect's freedom of movement was justified at its inception, and (2) whether it was reasonably related in scope to the circumstances that justified the interference in the first place.[12]

■ An investigative detention is reasonable if a police officer can point to " 'specific and articulable facts giving rise to a reasonable suspicion that the person stopped is, or is about to be, engaged in a criminal activity.' "[13] " 'The reasonableness of the officer's suspicion is determined by the totality of the circumstances known to the officer at the inception of the stop.' "[14]

Here, a combination of factors gave rise to the officer's suspicion that Jones may have been involved in a crime. The officer was patrolling an area of Seattle known for narcotics activity. He observed Jones crouched down on the sidewalk, picking up several small items. As he approached, he could see the items were small and white, and appeared to be crack cocaine. When Jones saw the officer, he quickly got up and started walking away. Jones also placed something in his mouth and began to chew vigorously. Given these circumstances, the officer had sufficient information to believe that a crime had been committed.

Jones next argues pro se that his right to a speedy trial under CrR 3.3 was violated because the trial court abused its discretion by granting a continuance beyond the 60-day speedy trial period. Again, we disagree.

■ A trial court may grant an extension of time for trial when unavoidable or unforeseen circumstances exist, unless the defendant will be substantially prejudiced in his or

---

[12] *State v. Williams*, 102 Wn.2d 733, 739, 689 P.2d 1065 (1984).

[13] *State v. Armenta*, 134 Wn.2d 1, 10, 948 P.2d 1280 (1997) (quoting *State v. Gleason*, 70 Wn. App. 13, 17, 851 P.2d 731 (1993)).

[14] *State v. Walker*, 66 Wn. App. 622, 626, 834 P.2d 41 (1992) (quoting *State v. Rowe*, 63 Wn. App. 750, 753, 822 P.2d 290 (1991)).

her defense.[15] The reason for granting the extension must be stated on the record.[16] A decision to grant or deny a CrR 3.3 motion for continuance " 'will not be disturbed absent a showing of a manifest abuse of discretion.' "[17]

Jones was assigned to trial on April 1, 2002, the last day of the 60-day speedy trial period. Jones' defense counsel was sick that day, and the trial was continued. Because the illness of counsel may be an unavoidable and unforeseen circumstance beyond the control of the court or the parties, justifying delay "in the administration of justice,"[18] the trial court did not abuse its discretion in granting the extension of time for trial due to counsel's illness.

Then on April 2, 2002, the State requested a continuance to accommodate the arresting officer's mandatory training. The officer had been available on April 1, 2002, when defense counsel had been ill. The unavailability of a material witness is a valid ground for continuing a trial when there is a valid reason for the witness's unavailability, the witness will become available within a reasonable time, and there is no substantial prejudice to the defendant.[19] The trial court did not abuse its discretion in granting a four-day delay to accommodate the officer's training.

Defense counsel later requested a continuance of one week to accommodate her prescheduled vacation. A defense attorney's prescheduled vacation is an adequate basis to justify a continuance under CrR 3.3(d)(8).[20] The trial court did not abuse its discretion in granting the brief continuance.

---

[15] CrR 3.3(d)(8).

[16] CrR 3.3(d)(8).

[17] *State v. Williams*, 104 Wn. App. 516, 520-21, 17 P.3d 648 (2001) (quoting *State v. Cannon*, 130 Wn.2d 313, 326, 922 P.2d 1293 (1996)).

[18] *State v. Greene*, 49 Wn. App. 49, 55, 742 P.2d 152 (1987).

[19] *State v. Day*, 51 Wn. App. 544, 549, 754 P.2d 1021 (1988).

[20] *State v. Selam*, 97 Wn. App. 140, 143, 982 P.2d 679 (1999), *review denied*, 140 Wn.2d 1013 (2000).

Finally, on April 15 and 16 the prosecutor was in another trial and was unavailable. Unavailability of counsel where counsel is in trial on another matter may constitute unforeseen or unavoidable circumstances justifying a trial extension under CrR 3.3(d)(8).[21] The trial court did not abuse its discretion in granting two one-day extensions of Jones' speedy trial date because the prosecutor was in another trial.

In sum, we hold that because Jones' conduct occurred at the same location, at the same time, and violated the same underlying criminal statute, his convictions twice expose him to jeopardy. Accordingly, we vacate Jones' conviction for attempted possession of cocaine, and remand for resentencing.

BECKER, C.J., and COX, J., concur.

Review denied at 151 Wn.2d 1006 (2004).

---

[21] *State v. Carson*, 128 Wn.2d 805, 815, 912 P.2d 1016 (1996).