# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

STATE OF WASHINGTON,

        Respondent,

        v.

MIGUEL ANGEL VILLANUEVA-
GONZALEZ,

        Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 69864-8-I

ORDER GRANTING
MOTION TO PUBLISH
AND AMEND OPINION

Appellant, Miguel Angel Villanueva-Gonzalez has moved for publication of the opinion filed in this case on April 22, 2013. The panel hearing the case has considered the motion and Respondent's answer and has determined that the motion should be granted.

Appellant has also moved to amend the opinion. The court hereby

ORDERS that the motion to publish the opinion is granted and that the slip opinion shall be modified as follows:

At page 2 of the slip opinion, in the first full paragraph, delete "violated" and insert "did not violate."

At page 2 of the slip opinion, in the first full paragraph, delete "charges" and insert "convictions."

Dated this 12th day of _____ June _____ 2013.

Cox, J.

Dwyer, J.

COURT OF APPEALS DIV I
STATE OF WASHINGTON
2013 JUN 12 PM 3: 41

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69864-8-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| MIGUEL ANGEL VILLANUEVA- | ) | UNPUBLISHED |
| GONZALEZ, aka KEVIN CORTEZ- | ) | |
| HERRERA, | ) | FILED: April 22, 2013 |
| | ) | |
| Appellant. | ) | |

Cox, J. — Where two offenses are the same in law and fact and there is

no indication that the legislature intended to allow convictions for both offenses, it

is a violation of double jeopardy to convict a defendant of both offenses.[1] Here,

Miguel Angel Villanueva-Gonzalez was convicted of second and fourth degree

assault, in violation of double jeopardy. Consequently, we reverse his conviction

for fourth degree assault and remand with instructions.

Villanueva-Gonzalez and M.G. were in a romantic relationship. On the

night in question, Villanueva-Gonzalez returned home angry because M.G. had

been out at a nightclub without him. He confronted M.G. and pulled her out of

the room in which she was sitting. He head butted her, fracturing her nose in two

---

[1] State v. Kelley, 168 Wn.2d 72, 77, 226 P.3d 773 (2010) (citing Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932)).

places. Villanueva-Gonzalez then grabbed M.G. by the throat and held her against a piece of furniture.

The State charged Villanueva-Gonzalez with two counts of second degree assault. Count I was based on Villanueva-Gonzalez's attempted strangulation of M.G. Villanueva-Gonzalez's injury to M.G.'s nose was the basis for count II.

After a jury trial, the court instructed the jury as to second degree assault and the lesser included fourth degree assault for both counts I and II. The jury found Villanueva-Gonzalez guilty of second degree assault for count II. It also found him guilty of the lesser included crime of fourth degree assault as to count I.

Villanueva-Gonzalez appeals.

## DOUBLE JEOPARDY

Villanueva-Gonzalez argues that his convictions for second and fourth degree assault violated his right against double jeopardy. We agree.

Article I, section 9 of the Washington Constitution, the double jeopardy clause, guarantees that, "[n]o person shall . . . be twice put in jeopardy for the same offense." It mirrors the protections offered by the federal constitutional protection against double jeopardy.[2] "Double jeopardy principles protect a defendant from being convicted more than once under the same statute if the defendant commits only one unit of the crime."[3] "Where a defendant's act supports charges under two criminal statutes, a court weighing a double jeopardy

---

[2] See State v. Gocken, 127 Wn.2d 95, 107, 896 P.2d 1267 (1995) (holding that Article I, section 9 of the Washington Constitution should be given the same interpretation as the United States Supreme Court gives to the Fifth Amendment).

[3] State v. Westling, 145 Wn.2d 607, 610, 40 P.3d 669 (2002).

challenge must determine whether, in light of legislative intent, the charged crimes constitute the same offense."[4] "To determine if a defendant has been punished multiple times for the same offense, this court has traditionally applied the 'same evidence' test."[5] This test "mirrors the federal 'same elements' standard adopted in Blockburger v. United States."[6]

Under this test, two convictions constitute the "same offense" for the purposes of double jeopardy if they are the same in law and in fact.[7] Thus, if each conviction includes elements not included in the other, or requires proof of a fact that the other does not, the offenses are different and the convictions may stand.[8]

For the first time on appeal, Villanueva-Gonzalez argues that his convictions for assault in the second and fourth degree have subjected him to double jeopardy. Even though this issue was not raised below, we consider it because it involves an alleged violation of Villanueva-Gonzalez's constitutional right against double jeopardy.[9]

---

[4] State v. Nysta, 168 Wn. App. 30, 44, 275 P.3d 1162 (2012).

[5] State v. Adel, 136 Wn.2d 629, 632, 965 P.2d 1072 (1998) (quoting State v. Calle, 125 Wn.2d 769, 777, 888 P.2d 155 (1995)).

[6] Id. (citing State v. Gocken, 127 Wn.2d 95, 107, 896 P.2d 1267 (1995)).

[7] Calle, 125 Wn.2d at 777.

[8] Adel, 136 Wn.2d at 633.

[9] Id. at 631-32.

Here, Villanueva-Gonzalez's convictions violated double jeopardy. As a lesser included offense of second degree assault, fourth degree assault is the same in law as second degree assault.[10] It requires proof that the defendant assaulted another, an element required by second degree assault.[11]

Villanueva-Gonzalez's convictions were also the same in fact. The State alleged that Villanueva-Gonzalez committed two separate assaults, grabbing of M.G.'s throat and head butting her. But these events were actions taken against the same victim within the same short time span. Because assault is not defined in terms of each physical act against a victim, Villanueva-Gonzalez's actions constituted one single assault in fact. As the supreme court in State v. Tili stated:

> [T]he assault statute does not define the specific unit of prosecution in terms of each physical act against a victim. Rather, the Legislature defined assault only as that occurring when an individual 'assaults' another. A more extensive definition of 'assault' is provided by the common law, which sets out many different acts as constituting 'assault,' some of which do not even require touching. Consequently, the Legislature clearly has not defined 'assault' as occurring upon *any* physical act.[12]

---

[10] See State v. Freeman, 153 Wn.2d 765, 771 n.1, 108 P.3d 753 (2005) (citing Akhil Reed Amar & Jonathan L. Marcus, Double Jeopardy Law After Rodney King, 95 Colum. L. Rev. 1, 28-29 (1995) (noting that where a lesser included offense can be presumed to be punished by the greater offense, conviction under both offenses would offend double jeopardy); see also Amar & Marcus, supra., at 28-29 ("[T]he phrase 'same offence' encompasses more than identical provisions. If statute X requires an element or elements that statute Y does not, these statutes will still be treated as describing the 'same' offence so long as X contains all of Y's elements—that is, so long as Y is a 'lesser included' offence.").

[11] RCW 9A.36.041; RCW 9A.36.021.

[12] State v. Tili, 139 Wn.2d 107, 116-17, 985 P.2d 365 (1999).

Here, the evidence to prove each charged crime was the assaultive acts committed against the victim. Because assault is not defined in terms of each separate physical act, the assaults here were the same in fact.[13] Thus, it was a violation of double jeopardy to convict Villanueva-Gonzalez of two different offenses, which were the same in fact.

The State argues that Villanueva-Gonzalez's rights against double jeopardy were not violated, but it applies the "unit of prosecution" test. This is the wrong inquiry. As our supreme court recognized in State v. Adel, the "same evidence" test, not the "unit of prosecution" test, applies "to a situation where a defendant has multiple convictions for violating *several* statutory provisions."[14] The "unit of prosecution" test is appropriate only where a defendant is "convicted for violating one statute multiple times."[15] Here, though Villanueva-Gonzalez was charged with two counts of second degree assault, the jury convicted him of one count of fourth degree assault and one count of second degree assault. Thus, the appropriate test to determine whether these convictions violated double jeopardy is the "same evidence" test, not the "unit of prosecution" test. Consequently, the State's argument is not supported by controlling law.

The State also argues that Villanueva-Gonzalez's actions of grabbing M.G.'s throat and head butting her constituted two separate assaults in fact. The

---

[13] Id.

[14] Adel, 136 Wn.2d at 633 (some emphasis added).

[15] Id.; see United States v. McLaughlin, 164 F.3d 1, 8 (D.C. Cir. 1998) (noting that in "unit of prosecution" cases, the Blockburger test is not used).

State improperly relies on Tili to support this argument. In Tili, the court upheld the defendant's convictions for three counts of rape. In doing so, it rejected Tili's argument that "if he can be charged and convicted for three counts of first-degree rape based on three separate penetrations, then a defendant could also be charged and convicted for every punch thrown in a fistfight without violating double jeopardy."[16] As noted above, the supreme court in Tili discussed how assault, *unlike* rape, is not defined by every individual physical act.[17] Thus, the State's citation to Tili, rather than buttressing its argument, demonstrates why Villanueva-Gonzalez's conviction violated double jeopardy.

Finally, the State submitted a Statement of Additional Authorities, citing State v. Nysta.[18] There, this court concluded that Nysta's convictions for second degree rape and felony harassment violated the prohibition against double jeopardy.[19] That case is unhelpful. The charges here were for second and fourth degree assault, which fail to satisfy the same evidence test that we discussed in this opinion.

When a conviction violates double jeopardy principles, we must reverse and remand a sentence that contains convictions for the same offense with

---

[16] Tili, 139 Wn.2d at 116-17.

[17] Id.

[18] 168 Wn. App. 30, 275 P.3d 1162 (2012).

[19] Id. at 47-48.

6

instructions to vacate the lesser punished crime.[20]  Here, the lesser punished crime was the fourth degree assault offense.  Thus, the trial court should vacate the fourth degree assault conviction

We reverse and remand with instructions to vacate only the fourth degree assault conviction.  The second degree assault conviction remains undisturbed.

_Cox, J._

WE CONCUR:

_____

_____

---

[20] See, e.g., State v. Schwab, 163 Wn.2d 664, 675, 185 P.3d 1151 (2008) (noting with approval the holding of this court in a prior case where we "vacated the lesser conviction where convictions for both first degree manslaughter and second degree felony murder violated double jeopardy").