[No. 24973-8-I.    Division One.    November 18, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. ANDREW
HENDERSON ROWE, *Appellant*.

*Joshua Weinstein* of *Washington Appellate Defender
Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *James W. Leslie, Deputy,* for respondent.

PEKELIS, J. — Andrew Henderson Rowe appeals from his conviction for possession of a controlled substance. Rowe contends that the trial court erred in denying his motion to suppress evidence which he asserts the police seized following an unlawful detention. We reverse.

I

On June 2, 1989, at approximately 5:20 p.m., Seattle Police Officers Dave Redemann and Mike LeBlanc were on the corner of 28th Avenue South and Jackson talking with members of the Black Gangster Disciples, a "gang", when a car drove by them. According to Officer Redemann, the occupants of the vehicle yelled something and gave a "C" hand signal, indicating that they were members of a rival gang known as the Crips.

As the vehicle drove away the officers returned to their unmarked car and began following it. After about a mile and a half, the officers caught up with the vehicle and effectuated a stop. When the officers approached the vehicle they noticed that the occupants, including Rowe, were not wearing seat belts. Because the failure to do so was a traffic violation, the officers asked the occupants to step out of the car. The officers searched the occupants for weapons and conducted a radio check of their names.

Rowe identified himself to the officers as Andrew H. Rowe, June 7, 1974, and stated that he had a prior arrest. However, the radio dispatcher could not verify this information. Rowe then suggested that the officers try Andrew Rowe Henderson. At this point the officers arrested him for false reporting in violation of a city ordinance. A subsequent search of Rowe at the police station resulted in the seizure of two pieces of rock cocaine.

On August 1, 1989, Rowe was charged by information with one count of possession of a controlled substance,

RCW 69.50.401(d).[1] Pursuant to CrR 3.6, Rowe moved to suppress the cocaine as the product of an illegal search and seizure. At the suppression hearing, Officer Redemann testified that the making of rival gang hand signals "sometimes will lead to a . . . drive-by or a retaliation shooting" and "pretty much" always provokes a reaction. Redemann further stated that the purpose for stopping the vehicle was "to find out or decide what their intentions were when they went by and started doing that." After hearing the testimony of the arresting officers, the trial court denied the motion to suppress and entered the following oral[2] findings and conclusions:

> Well, I think what we have to keep in mind here is that we are dealing with a very specialized cultural milieu, and certainly [O]fficer Redemann is, I think, a sufficient expert . . . in this particular culture.
> And while forming your fingers into the letter C and waving it out the window as an objective thing certainly are not fighting words or anything that would indicate any kind of criminal activity, in this particular culture, I'm satisfied that it is.
> The testimony was uniform from both officers that this more often than not was a challenge that often wound up in fights with weapons and injury or death. So I feel that the officers did have sufficient grounds to proceed and investigate.

Rowe was subsequently found guilty.

## II

On appeal, Rowe contends that the trial court erred in denying his motion to suppress the cocaine, claiming that it was seized following an unlawful investigative stop of the automobile. In response, the State argues that there were sufficient facts available to the officers which, when com-

---

[1] Rowe was not charged with false reporting.

[2] We note that written findings of fact and conclusions of law were not entered following the suppression hearing. Although CrR 3.6 requires formal findings and conclusions, Rowe does not assign error to this omission. Furthermore, the trial court's comprehensive oral opinion and the record of the hearing render any error harmless. *State v. Clark*, 46 Wn. App. 856, 859, 732 P.2d 1029, *review denied*, 108 Wn.2d 1014 (1987).

bined with their special training and experience, justified the stop.

██ While the findings of the trial court following a suppression hearing are of great significance, the constitutional rights at issue require this court to undertake an independent evaluation of the record. *State v. Flowers*, 57 Wn. App. 636, 641, 789 P.2d 333 (citing *State v. Daugherty*, 94 Wn.2d 263, 269, 616 P.2d 649 (1980), *cert. denied*, 450 U.S. 958 (1981)), *review denied*, 115 Wn.2d 1009 (1990).

██ ██ A person may be stopped by the police without a warrant if the officer has a reasonably well-founded suspicion of criminal activity based on specific and articulable facts, not necessarily rising to the level of probable cause to arrest. *Terry v. Ohio*, 392 U.S. 1, 21-22, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968); *State v. Little*, 116 Wn.2d 488, 495, 806 P.2d 749 (1991); *State v. Glover*, 116 Wn.2d 509, 514, 806 P.2d 760 (1991). The reasonableness of the officer's suspicion is determined by the totality of the circumstances known to the officer at the inception of the stop. *United States v. Cortez*, 449 U.S. 411, 418, 66 L. Ed. 2d 621, 101 S. Ct. 690 (1981); *Glover*, 116 Wn.2d at 514. The court considers the officer's training and experience when determining the reasonableness of a *Terry* stop. *Glover*, 116 Wn.2d at 514.

██ In this case, the initial stop of the vehicle was improper. The only information available to the officers was that the occupants of the car flashed a hand signal of a rival gang and continued driving away in one direction for a mile and a half. Although Officer Redemann testified that the flashing of hand signals "sometimes" leads to violence, the State offered no evidence that violence would occur on this occasion. The vehicle did not stop or back up, nor did it turn around the block to drive past the group again.

We reject the implicit assumption that the mere expression of one's status as a gang member provides the necessary basis for conducting an investigative stop. We hold that in the absence of facts which indicate that violence is imminent, reasonable suspicion under *Terry* does not exist.

Accordingly, we reverse the trial court's denial of Rowe's motion to suppress and dismiss the case.

SCHOLFIELD and FORREST, JJ., concur.