[No. 43866-2-I.   Division One.   June 5, 2000.]

THE STATE OF WASHINGTON, *Respondent*, v. CHRISTOPHER
MAURICE BAILEY, *Appellant*.

2

*Eric J. Nielsen* (of *Nielsen, Broman & Associates, P.L.L.C.*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Erin E. Ehlert, Deputy*, for respondent.

GROSSE, J. — A *Terry*[1] stop for further investigation of a liquor violation is permissible where the suspect is seated on the ground in a public place, liquor bottles are sitting by his feet, and at least one is wrapped in a brown paper bag. The police officers were also entitled to make a pat-down search for weapons. Accordingly, we affirm.

## FACTS

Two Seattle police officers were on an emphasis patrol for crime. They observed four individuals at the edge of a public school parking lot near a public playground and basketball courts. The officers observed two liquor bottles next to Christopher M. Bailey. Suspecting a liquor violation, they approached him, did a protective frisk for weapons, and discovered a semiautomatic handgun in his possession. Bailey was arrested and charged with unlawful possession of a firearm in the first degree. At a pretrial hearing Bailey sought to suppress the weapon as the fruit of an illegal search. The motion was denied. Bailey was found guilty after a jury trial.

## DISCUSSION

■ This court reviews only those facts to which error has been assigned, and even challenged facts are binding on appeal where there is substantial evidence to support them.[2] Here the findings of fact were not challenged and are verities on appeal.

---

[1] *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

[2] *State v. Hill*, 123 Wn.2d 641, 647, 870 P.2d 313 (1994). It should be noted that *Hill* effectively overruled a line of cases in Washington which held the appellate court will undertake an independent evaluation of the evidence when fundamen-

4

■ " ' "As a general rule, warrantless searches and seizures are per se unreasonable." ' "[3] One exception to the warrant requirement is a *Terry* investigative stop.[4] Investigative stops are permissible only if (1) " 'the officer's action was justified at its inception,' " and (2) " 'it was reasonably related in scope to the circumstances which justified the interference in the first place.' "[5]

■ "A seizure is reasonable if the [officer] can point to 'specific and articulable facts giving rise to a reasonable suspicion that the person stopped is, or is about to be, engaged in criminal activity.' "[6] The reasonableness of the officer's suspicion is determined by the totality of the circumstances known to the officer at the inception of the stop.[7]

■ Here the officers observed Bailey sitting on the ground at a school parking lot, near a public playfield and public basketball courts. The officers observed liquor bottles near Bailey, at least one of which still contained liquor. These articulable facts gave rise to a reasonable suspicion that Bailey was engaged in a liquor violation. The investigative stop was therefore justified, regardless of whether or not the bottles actually belonged to Bailey.

■ Interference with a suspect's freedom must also be reasonably related in scope to those circumstances which

---

tal constitutional rights are involved. *Hill*, 123 Wn.2d at 645-47. *Cf. State v. Gleason*, 70 Wn. App. 13, 16, 851 P.2d 731 (1993); *State v. Walker*, 66 Wn. App. 622, 625-26, 834 P.2d 41 (1992); *State v. Rowe*, 63 Wn. App. 750, 753, 822 P.2d 290 (1991); *State v. Mennegar*, 114 Wn.2d 304, 309-10, 787 P.2d 1347 (1990).

[3] *State v. Ladson*, 138 Wn.2d 343, 349, 979 P.2d 833 (1999) (quoting *State v. Hendrickson*, 129 Wn.2d 61, 70, 917 P.2d 563 (1996) (quoting *State v. Houser*, 95 Wn.2d 143, 149, 622 P.2d 1218 (1980))).

[4] *Ladson*, 138 Wn.2d at 349; *Hendrickson*, 129 Wn.2d at 71.

[5] *Ladson*, 138 Wn.2d at 350 (quoting *Terry*, 392 U.S. at 20).

[6] *State v. Armenta*, 134 Wn.2d 1, 10, 948 P.2d 1280 (1997) (quoting *Gleason*, 70 Wn. App. at 17 (citing *Terry*, 392 U.S. at 21-22)).

[7] *State v. Glover*, 116 Wn.2d 509, 514, 806 P.2d 760 (1991) (citing *United States v. Cortez*, 449 U.S. 411, 418, 101 S. Ct. 690, 66 L. Ed. 2d 621 (1981)).

justified the interference in the first place.[8] "[A] reasonable safety concern must exist to justify a protective frisk for weapons, and . . . the scope of the frisk must be limited to the protective purpose."[9]

A reasonable safety concern exists "when an officer can point to 'specific and articulable facts' which create an objectively reasonable belief that a suspect is 'armed and presently dangerous.' "[10] " 'The officer need not be absolutely certain that the individual is armed[.]' "[11] The test is whether a reasonably prudent person in those circumstances would be warranted in the belief that someone's safety was in danger.[12]

Courts are reluctant to substitute their judgment for that of police officers in the field, and a founded suspicion from which the court can determine that the search was not arbitrary and harassing is all that is necessary.[13] A valid weapons frisk pursuant to a *Terry* stop is justified if its scope is limited to a pat-down search of the outer clothing to discover weapons that might be used to assault the officer.[14]

Here the officers were in an area where they were outnumbered. Even if the suspects had no connection to the liquor bottles, those bottles were handy to the suspects and could have been used as weapons. Therefore, the search for weapons did not violate the scope of the stop.

The officers complied with the law. Their search consisted of a pat-down of Bailey's exterior, with the officer checking

---

[8] *State v. Williams*, 102 Wn.2d 733, 739, 689 P.2d 1065 (1984).

[9] *State v. Collins*, 121 Wn.2d 168, 173, 847 P.2d 919 (1993).

[10] *Collins*, 121 Wn.2d at 173 (quoting *Terry*, 392 U.S. at 21-24).

[11] *Collins*, 121 Wn.2d at 173 (quoting *Terry*, 392 U.S. at 27).

[12] *Collins*, 121 Wn.2d at 173 (citing *Terry*, 392 U.S. at 27); *State v. Sweet*, 44 Wn. App. 226, 233-34, 721 P.2d 560 (1986) (citing *Terry*, 392 U.S. at 27).

[13] *State v. Belieu*, 112 Wn.2d 587, 601-02, 773 P.2d 46 (1989); *Collins*, 121 Wn.2d at 173-74.

[14] *State v. Hudson*, 124 Wn.2d 107, 112, 874 P.2d 160 (1994).

6

in his pocket only after he felt the bulk of the gun and its protruding handle.

The decision of the trial court is affirmed.

AGID, C.J., and COX, J., concur.