COURT OF APPEALS DIV 1
2014 MAR -3 AM 11: 02


# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | )<br>) No. 69951-2-I |
| Respondent, | )<br>) |
| | ) DIVISION ONE |
| v. | )<br>) |
| ARDEN CURTIS GIBSON, | ) UNPUBLISHED OPINION |
| | ) |
| Appellant. | ) FILED: <u>March 3, 2014</u> |

SPEARMAN, A.C.J. — At trial for burglary in the first degree, the defendant

Arden Curtis Gibson moved pursuant to CrR 3.6 to suppress a show-up

identification and stolen property seized following an investigative Terry[1] stop

and subsequent arrest. After a hearing, the trial court denied the motion and

Gibson was subsequently found guilty as charged by a jury. Gibson appeals,

arguing that the trial court erred when it denied his motion to suppress. He also

claims that the trial court committed reversible error when it failed to enter written

findings of fact and conclusions of law following the CrR 3.6 hearing. We affirm.

## FACTS

On October 1, 2012, Seattle Police Officer Joseph Kowalchyk was

patrolling in North Seattle when he heard a radio dispatch about a burglary in

progress at an occupied home three or four blocks away from his location. The

dispatch provided a general description of the suspect: "black male, middle age,

---

[1] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d. 889 (1968).

late twenties, early thirties. Dark clothing description." Verbatim Report of Proceedings (VRP) (1/10/13) at 11. Dispatch also reported the suspect had a backpack. Id. There was no mention of a direction of flight, facial hair or hair type for the suspect, or other distinguishing characteristic.

When Officer Kowalchyk heard the dispatch at 11:04 a.m., several other officers were already in the area looking for the suspect. Officer Kowalchyk activated his emergency lights and joined the search. About five minutes later, he noticed a black male stuffing a dark piece of clothing into a backpack. At the time, this man, later identified as Gibson, was the only black male with a backpack on the street. He was also located within three to five blocks away from the burglarized home. Officer Kowalchyk pulled over in his patrol car next to Gibson. He made eye contact with Gibson as he approached, at which point Gibson began crossing the street. Officer Kowalchyk told Gibson to stop, but Gibson continued to cross the street at a "pretty fast pace," while saying something to the effect of: "you talking about the dude that was down the street there. . . ." VRP (1/10/13) at 22-24.

Officer Kowalchyk stopped Gibson at 11:09 a.m. and detained him while the victim was brought to his location for a show-up identification. Upon arrival, the victim identified Gibson as the burglar and, at 11:18 a.m., Officer Kowalchyk arrested Gibson. A search incident to arrest of Gibson's backpack revealed antique silver dishes and silverware that had been taken from the victim's home.

Gibson was charged with one count of first-degree burglary. He moved to suppress the show-up identification and the items seized from his backpack, arguing that they were the fruits of an illegal seizure because Officer Kowalchyk

2

lacked reasonable suspicion to detain him. In an oral ruling, the trial court denied the motion to suppress, finding that Gibson's close proximity to the crime scene a few minutes after the crime was reported and his general conformity with the description of the suspect were sufficient to give Officer Kowalchyk reasonable grounds to believe that Gibson had been involved in the crime. The trial court entered written findings of fact and conclusions of law regarding its ruling, but not until well after Gibson filed notice of appeal. A jury convicted Gibson as charged. He appeals.

## DISCUSSION

Gibson challenges his conviction for first-degree burglary. He argues that because the officer's initial stop was unlawful, the trial court erred in failing to suppress all evidence obtained subsequent to the stop. He argues that absent the improperly admitted evidence, there is insufficient evidence to sustain his conviction. We conclude the stop was lawful because the officer had reasonable, articulable grounds to suspect Gibson was involved in criminal activity and that the trial court properly admitted the contested evidence. We affirm.

In reviewing the denial of a motion to suppress, we determine whether substantial evidence supports the trial court's factual findings, and whether those findings support its conclusions of law. State v. Ross, 106 Wn. App. 876, 880, 26 P.3d 298 (2001). Unchallenged findings are verities on appeal. Id. Conclusions of law are reviewed de novo. Id.

Brief investigatory stops are well-established exceptions to the general rule that warrantless seizures are unconstitutional. Terry v. Ohio, 392 U.S. at 30-31; State v. Gatewood, 163 Wn.2d 534, 539, 182 P.3d 426 (2008). A Terry stop

3

is justified when an officer has specific and articulable facts that give rise to a reasonable suspicion that the person stopped is, or is about to be, engaged in criminal activity. State v. Kinzy, 141 Wn.2d 373, 384-85, 5 P.3d 668 (2000). A reasonable suspicion is the "substantial possibility that criminal conduct has occurred or is about to occur." State v. Kennedy, 107 Wn.2d 1, 6, 726 P.2d 445 (1986). "The reasonableness of the officer's suspicion is determined by the totality of the circumstances known to the officer at the inception of the stop." State v. Rowe, 63 Wn. App. 750, 753, 822 P.2d 290 (1991), overruled in part on other grounds by State v. Bailey, 109 Wn. App. 1, 3, 34 P.3d 239 (2000). The totality of the circumstances includes factors such as the officer's training and experience, the location of the stop, the conduct of the person detained, the purpose of the stop, the amount of physical intrusion upon the suspect's liberty, and the length of time the suspect is detained. State v. Acrey, 148 Wn.2d 738, 747, 64 P.3d 594 (2003).

Gibson argues that the description in this case "was so vague and general that it did not provide reasonable suspicion to detain him. . . ." Brief of Appellant at 6. He cites United States v. Brown, 448 F.3d 239 (3d Cir. 2006), in support. In Brown, the sole evidence to support the Terry stop was a description of the robbery suspects that, aside from race, was "hardly close" to the defendants. Brown, 448 F.3d at 248. In that case, the suspects were described as "African-American males between 15 and 20 years of age, wearing dark, hooded sweatshirts and . . . one male was 5' 8" and the other was 6'." Id. at 247-48. But the defendants were 28 and 31 years old, both with full beards, while the description made no mention of any facial hair. Id. at 248. The court concluded:

4

"What we have is a description that, while general, is wildly wide of the target. By no logic does it, by itself, support reasonable suspicion." Id.

This case is unlike Brown. Here, Officer Kowalchyk did not rely solely on a general description that was "wildly wide of target." Id. Although the age discrepancy was significant, the trial court specifically found that Gibson appeared much younger than his actual age. Thus, Gibson generally fell within the bounds of the description as to age, race and carrying a backpack. Moreover, Officer Kowalchyk relied on other factors in addition to a general description. Gibson was in close proximity to the crime scene within minutes of the report of a burglary. He was the only black male in the area carrying a backpack and, when first observed, he appeared to be stuffing a dark piece of clothing into it. Further, when Officer Kowalchyk approached Gibson with emergency lights activated and made eye contact, Gibson's response was evasive. He continued to quickly walk away even though the officer "told him a couple of times to stop." VRP (1/10/13) at 23-24.

We conclude that the totality of the circumstances in this case is sufficient to support a reasonable suspicion that Gibson had been involved in the burglary. Accordingly, the stop was lawful and the evidence subsequently discovered was properly admitted in Gibson's trial.

Gibson also argues that the trial court committed reversible error when it failed to timely enter findings of fact and conclusions of law after the evidentiary hearing. Gibson is correct that the trial court was required by CrR 3.6(b) to enter findings after the hearing. It did so, albeit on August 28, 2013, several months after its ruling on the motion while this appeal was pending.

5

But the delay in the entry of the findings does not in itself warrant reversal. Findings of fact and conclusions of law may be submitted while an appeal is pending if there is no prejudice to the defendant by the delay and no indication that the findings and conclusions were tailored to meet the issues presented on appeal. State v. Quincy, 122 Wn. App. 395, 398, 95 P.3d 353 (2004). The dispositive question is whether the delay in entry of the findings or their content was prejudicial to Gibson. Gibson's only claim of prejudice is that "this Court is left with merely an oral record from which to review the trial court's ruling, which . . . is not the final order of the [trial] court." Brief of Appellant at 13. But the filing of the trial court's written findings of fact and conclusions of law, although delayed, alleviates this concern. Because Gibson alleges no other harm from this delay, neither reversal nor remand is warranted. Id.

Affirm.

WE CONCUR:

Spearman, A.C.J.