**John A. CULLEN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 04–CM–1105.**

District of Columbia Court of Appeals.

Argued Sept. 20, 2005.

Decided Nov. 17, 2005.

Louie C. Russell, for appellant.

Sharon A. Sprague, Assistant United States Attorney, with whom Kenneth L. Wainstein, United States Attorney, John R. Fisher, Assistant United States Attorney at the time the brief was filed, and Elizabeth Trosman, Assistant United States Attorney, were on the brief for appellee.

Before SCHWELB and GLICKMAN, Associate Judges, and NEWMAN, Senior Judge.

NEWMAN, Senior Judge:

 Cullen was found guilty of four counts of misdemeanor sexual abuse [1] after a bench trial. These convictions arose from two incidents: the first, which occurred on May 1, 2003, where Cullen was alleged to have twice made contact with his mouth and the inner thigh of the complainant, his fifteen-year-old niece; [2] and

---

1. D.C.Code § 22–3006 (2001). This statute states that:

 Whoever engages in a sexual act or sexual contact with another person and who should have knowledge or reason to know that the act was committed without that other person's permission, shall be imprisoned for not more than 180 days and, in addition, may be fined in an amount not to exceed $1,000.

2. Appellant was charged and convicted of two counts of misdemeanor sexual abuse related

the second, which occurred on May 2, 2003, where he was alleged to have made contact with his mouth with both the inner thigh (count three) and breast (count four) of the same complainant. Cullen contends that he should not have been convicted of two separate violations of the misdemeanor sexual abuse statute for his conduct on May 2, 2003. The two convictions for the touchings of the complainant's inner thigh and breast that occurred on that date were not distinct offenses. Thus, the two convictions constituted multiple punishments in violation of the Double Jeopardy Clause of the Fifth Amendment. We agree and remand to the trial court to vacate one of these convictions consistent with our holdings herein.[3]

We review claims of merger of convictions *de novo* to assess whether a violation of the Double Jeopardy Clause of the Constitution has occurred. *Sanchez–Rengifo v. United States*, 815 A.2d 351, 354 (D.C.2002). The Double Jeopardy Clause prohibits a second prosecution for a single crime and protects against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). A conviction must be vacated if there are duplicate convictions for the same offense. *Brown v. United States*, 795 A.2d 56, 63 (D.C.2002).

The government asserts that because Cullen, on May 2, 2003, engaged in two

---

to the events of May 1, 2003. The complainant testified that appellant kissed her on her inner thigh after she was awakened when he entered her bedroom. The complainant pushed appellant's face away from between her thighs and he left the room. This conduct constituted count one of the information.

A detective from the metropolitan police department also testified that the complainant reported to him that when Cullen returned to the bedroom, he kissed her on her thighs. This conduct, as reported to the police detective, is the subject of count two of the information.

The government now concedes that there was not sufficient evidence to support a conviction on count two of the information. Despite the fact that the detective's testimony was properly admitted under the report of rape rule, the testimony should not have been used to substantiate the truth of the complaint. The testimony could only be used to corroborate the complainant's testimony that a specific type of sexual abuse occurred. *See Battle v. United States*, 630 A.2d 211, 224 (D.C.1993) (holding that a sexual assault victim's report to the police could not be used "as substantive evidence" to support the truth of the matter asserted in the complaint). Because the complainant in this case never testified that Cullen kissed her inner thighs during his second entry into her bedroom on May 1, 2003, there is not sufficient evidence to support the conviction on count two. Therefore, the conviction on count two should be vacat-

ed in connection with the remand to the trial court.

3. Cullen also challenges the sufficiency of the evidence on the ground that complainant's testimony was not credible. In order to prevail on this claim, an appellant must prove that "there [was] no evidence upon which a reasonable mind could infer guilt beyond a reasonable doubt." *Head v. United States*, 451 A.2d 615, 622 (D.C.1982). We "review[] the evidence in the light most favorable to the government, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, and making no distinction between direct and circumstantial evidence." *Curry v. United States*, 520 A.2d 255, 263 (D.C.1987). Moreover, in a bench trial such as this one, we will not reverse "unless it appears that the judgment is plainly wrong or without evidence to support it." D.C.Code § 17–305(a) (2001).

In this case, as in many cases involving sexual offenses, the trial judge was presented with the conflicting testimony of the complainant and the appellant. Thus, the issue of these two witnesses' credibility was paramount in the trial judge's determination that the appellant was guilty. The trial judge chose to credit the complainant's testimony regarding the incidents of sexual abuse. The complainant's credibility was strengthened by her prompt report of the events to her relatives. The evidence was legally sufficient.

separate acts of sexual contact[4] with the complainant, he was properly charged with two violations of the misdemeanor sexual abuse statute because there are separate body parts enumerated in the definition of sexual contact. This argument is based on the theory that appellant invaded different interests. *See Sanchez–Rengifo, supra,* 815 A.2d at 357, 359.

We have employed a "fact-based approach" to analyze convictions for two violations of the same statute. *Id.* at 354; *Gray v. United States,* 544 A.2d 1255, 1257–59 (D.C.1988). "For purposes of this fact-based merger analysis, criminal acts are considered separate when there is an appreciable length of time between the acts that constitute the two offenses, or when a subsequent criminal act was not the result of the original impulse, but a fresh one." *Sanchez–Rengifo, supra,* 815 A.2d at 354–55 (internal quotations and citations omitted). An interval of time between two criminal episodes may be quite brief but still show that a "defendant had reached a 'fork in the road' or had acted in response to a 'fresh impulse.'" *Spain v. United States,* 665 A.2d 658, 661 (D.C. 1995).

In *Sanchez–Rengifo, supra,* 815 A.2d at 353, the appellant contended that his convictions for child sexual abuse while armed should merge because, although he committed various types of prohibited conduct, his actions evidenced a continuous course of conduct over a two-hour period. His conduct included: placing his mouth on the child's breast, putting his mouth on her vulva, penetrating her vulva with his penis, and putting his penis in her mouth. *Id.* at 357. We concluded that the legislature

viewed Sanchez–Rengifo's methods of sexually assaulting a child to be "different in nature and character." *Id.* Moreover, Sanchez–Rengifo had significant time "to reflect as he ordered his victim to [assume] different positions after completing one form of sexual assault in order to undertake another to satisfy his new impulse." *Id.* at 359. Based on these facts, we held that Sanchez–Rengifo's multiple convictions for sexual abuse while armed did not merge. *Id.*

Although the government concedes that our analysis should be fact based, it invites us to consider the construction of the sexual abuse statute and its legislative history. We note that the Council of the District of Columbia intended to "make the laws governing sexually abusive conduct more inclusive, flexible and reflective of the broad range of abusive conduct which does in fact occur . . . ." COUNCIL OF THE DISTRICT OF COLUMBIA, REPORT OF THE COMMITTEE ON THE JUDICIARY, BILL 10–87, THE "ANTI-SEXUAL ABUSE ACT OF 1994," at 1 (1994). However, we are not convinced that the legislature intended to provide for a separate offense for the touching of multiple enumerated body parts during a single event when there is no evidence that a defendant has reached a new fork in the road or acted in response to a fresh impulse. *See State v. Perrillo,* 162 Vt. 566, 649 A.2d 1031, 1032 (1994) (holding that a defendant could only be convicted of one count of lewd and lascivious conduct with a child after he touched both the victim's vulva and her chest "[b]ecause a single episode of sexual misconduct ordinarily involves the wrongdoer touching the victim more than once, . . . we do not think the legislature intend-

---

4. D.C.Code § 22–3001(9) (2001) states that: "Sexual contact" means the touching with any clothed or unclothed body part or any object, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

ed to increase the potential sentences for these crimes exponentially depending on the number of touches involved in a single episode of sexual abuse.") (internal citation omitted).[5]

■■■■ "It is well-established that criminal statutes should be strictly construed and that ambiguities should be resolved in favor of the defendant (*i.e.*, the Rule of Lenity)." *Belay v. District of Columbia*, 860 A.2d 365, 367 (D.C.2004) (internal citations omitted). "To be sure, the rule of lenity is a secondary canon of construction, and is to be invoked only where the statutory language, structure, purpose and history leave the intent of the legislature in genuine doubt." *Winters v. Ridley*, 596 A.2d 569, 573 n. 5 (D.C.1991). We have no way of determining from the text of this statute, the legislative history, or even common sense whether the appellant's conduct constituted one or more offenses. Thus, if the District of Columbia City Council intended that every touching of a body part enumerated in § 22–3001(9) should constitute a separate violation of the sexual abuse statute, then the legislature should amend the statute to make that explicit.[6]

We hold as a matter of law that on May 2, 2003, Cullen's actions with respect to counts three and four of the information constituted one continuous course of conduct and thus he was improperly charged with two violations of the sexual abuse statute. Complainant testified that on

---

**5.** *See also Woellhaf v. People*, 105 P.3d 209 (Colo.2005) (holding that the legislature had not authorized multiple punishments for every type of sexual contact occurring during one incident of sexual assault on a child); *People v. Watkins*, 300 A.D.2d 1070, 752 N.Y.S.2d 500, 501 (N.Y.App.Div.2002) (finding that a "briefly interrupted act of sexual intercourse ... was 'part and parcel of the continuous conduct' that constituted one act of rape.") (internal citations omitted); *State v. Johnson*, 53 S.W.3d 628, 632 (Tenn.2001) (concluding that a defendant who was accused of touching the breasts and inner legs of a victim in violation of a statute that prohibited sexual contact with intimate parts of the victim established only one offense and not multiple offenses even though the statute uses the plural word "parts").. *Cf. Quintano v. People*, 105 P.3d 585 (Colo.2005) (finding that separate touchings constituted separate sexual assault violations because each touching was separated by time and place). *But see State v. Williams*, 105 N.M. 214, 730 P.2d 1196, 1199 (1986) (holding that "[s]eparate punishments are sustainable where evidence shows distinctly separate touchings to the different [enumerated body] parts" that are listed in the statute); *State v. Garrison*, 2004 WL 1506125, 2004 Ohio App. Lexis 3232 (Ohio Ct.App.2004) (upholding two counts of gross sexual imposition when only one course of conduct was involved because the touching of the victim's breast and the attempted touching of her pubic area were distinct acts under the statute); *State v. Soonalole*, 99 Wash.App. 207, 992 P.2d 541, 543 (2000) (determining that the legislature intended to protect sexual assault victims by "separately punishing each separate invasion of a protected area"); *State v. Rummer*, 189 W.Va. 369, 432 S.E.2d 39, 47–50 (1993) (analyzing the legislature's intent to determine that two separate offenses were created when the defendant touched the victim's breasts and sex organ within a very short period of time based on the use of the word "or" in listing the body parts that constituted sexual contact).

**6.** We note that the government also had the option of charging appellant with second-degree child sexual abuse, a felony, but, for whatever reasons, decided to charge appellant with misdemeanor sexual abuse pursuant to D.C.Code § 22–3006. D.C.Code § 22–3009 provides that: "Whoever, being at least 4 years older than a child, engages in sexual contact with that child or causes that child to engage in sexual contact shall be imprisoned for not more than 10 years and, in addition, may be fined in an amount not to exceed $100,000." Thus, if the government believes that a defendant's conduct warrants a longer prison term and a larger fine than that provided in the misdemeanor sexual abuse statute, it should charge the defendant under the appropriate felony child sexual abuse statute.

May 2, 2003, Cullen again returned to her bedroom after the events of the previous evening. He kneeled over the side of her bed and made contact with his mouth against her inner thigh. He then kissed the complainant's breast and eventually left the room. These two actions were separated, at the most, by a brief interval and the brief passage of time between these acts "did not terminate appellant's original intent" to engage in sexual contact with the complainant without her consent. *See Gray, supra,* 544 A.2d at 1258–59 (explaining how criminal acts can be determined to be factually and legally separate in a case where the defendant committed two separate acts of sexual intercourse with his victim but was charged and convicted of only one count of rape).

Accordingly, this case is remanded to the trial court to vacate both the convictions on count two (which the government concedes must be vacated, see note 2, *supra*), and either count three or four based on the judgment of this court. Otherwise, the judgments of conviction are affirmed.

*So ordered.*