*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 19-CF-0572

MICHAEL R. LEWIS, APPELLANT,

v.

UNITED STATES, APPELLEE.

Appeals from the Superior Court of the
District of Columbia
(CF2-0037-19)

(Hon. Robert Okun, Trial Judge)

(Submitted November 12, 2020      Decided July 29, 2021)

*David Reiter*, for appellant.

*Timothy Shea*, United States Attorney at the time, with whom, *Elizabeth Trosman*, *Suzanne Grealy Curt*, *Tara Ravindra*, *Rachel Bohlen*, and *Michael McGovern*, Assistant United States Attorneys, were on the brief, for appellee.

Before BLACKBURNE-RIGSBY, *Chief Judge*, THOMPSON, *Associate Judge*, and NEBEKER, *Senior Judge*.

BLACKBURNE-RIGSBY, *Chief Judge*: On April 5, 2019, a jury convicted appellant Michael Lewis of receiving stolen property (D.C. Code §§ 22-3232(a), -3232(c)(1)) (2021 Supp.), unauthorized use of a vehicle (D.C. Code § 22-3215) (2021 Supp.), felony fleeing (D.C. Code § 50-2201.05b(b)(2)) (2014

Repl.), reckless driving (D.C. Code § 50-2201.04) (2014 Repl.), and two destruction

of property counts (D.C. Code § 22-303) (2021 Supp.).[1]  Appellant appeals only his

fleeing and reckless driving convictions.  Appellant argues that (1) the charges of

felony fleeing and reckless driving must merge; and (2) there was insufficient

evidence to establish that the officer signaled appellant to stop, a necessary element

of the felony fleeing charge.  We affirm.

## I.      Trial Proceedings

Based on the testimony elicited at trial, which appellant does not challenge on

appeal, on December 31, 2018, Metropolitan Police Department ("MPD") Officers

Julito Drake and James Little made contact with appellant, who was sitting in the

driver's seat of a stolen vehicle.[2]  The officers "made a U-turn . . . to canvas[s] for

---

[1] Appellant was also charged with and acquitted of felony assault on a police officer while armed (D.C. Code §§ 22-405(c), -4502) (2021 Supp.), assault with a dangerous weapon (D.C. Code § 22-402) (2021 Supp.), felony assault on a police officer (D.C. Code § 22-405(c)) (2021 Supp.), resisting arrest (D.C. Code § 22-405.01) (2021 Supp.), and possession of an open container of alcohol (D.C. Code §§ 25-1001(a)(2), (d)) (2012 Repl.).

[2] The officers were riding in a marked police car equipped with a license plate reader system ("LPR") when they came across a Hyundai in the 3200 block of 15th Place in Southeast Washington, D.C.  Shortly after turning onto 15th Place, the officers received an alert from the LPR system concerning a possible stolen vehicle. Officer Drake, who was in the passenger seat, reviewed the alert, saw the car with

the vehicle." The officers saw the white Hyundai and pulled up next to it, stopping at the front passenger quarter panel of the police car adjacent to the driver side rear quarter panel of the Hyundai. Appellant was in the driver's seat of the Hyundai, and another man was standing outside the open passenger door of the car.

Officer Drake, who was closest to the Hyundai, exited the police vehicle and approached the driver's side door. When he reached the car, Officer Drake, who was in full police uniform and wearing a high visibility jacket with his badge and nametag on the outside, opened the driver's door and identified himself as a police officer. He then asked appellant to step out of the car. Appellant looked at Officer Drake, shifted the car into drive, and started to drive off.

Officer Drake hung onto appellant's arm and shoulder and yelled for appellant to stop and place the car in park. Appellant continued to drive, dragging Officer Drake's feet along the ground as the officer held onto him. Appellant stopped only after he "veered off and T-boned" a parked Volkswagen Beetle across the street. Officer Drake restrained appellant in the driver's seat after the crash until Officer Little could assist.

---

the suspect plate, and ran the plate number through the Washington Area Law Enforcement System "to confirm that that vehicle or the plate was stolen."

The impact pushed the Volkswagen "on top of the curb," significantly bending the front, driver-side wheel axle and shearing the front, passenger-side wheel off its axle. This resulted in damages to the Volkswagen totaling $3,881.98. The collision also "crumpled in" the front of the Hyundai, causing damages amounting to approximately $1,500.

Later that day, MPD Detective Adam Shaatal interviewed appellant. After appellant waived his *Miranda* rights, he told Detective Shaatal that he was a "wheel man"—meaning someone who drives other people around to do things that they are not supposed to do. Appellant told Detective Shaatal that his "buddy" gave him the stolen car at approximately 4:00 a.m. the prior morning. Later in the day he received the car, appellant was dropping a passenger off at home when the car door opened, and in response to the door being opened he automatically hit the gas pedal. According to appellant, he did not know the man opening the door was a police officer, but thought it may be someone trying to carjack him. When appellant saw Officer Drake holding on, appellant took his foot off the gas and Officer Drake grabbed the wheel of the car.

At trial, appellant did not present any evidence. However, he did move for judgment of acquittal. Appellant's counsel stressed to the trial court that the exact position of the police car relative to the Hyundai left appellant unaware of the officers' presence. Thus, when Officer Drake opened the driver's side door, appellant was surprised and shocked. Consequently, he argued, appellant's sudden movements were involuntary reactions. Therefore, appellant argued, he could not consciously discern that Officer Drake was a police officer when he was grabbed.

The trial court denied appellant's motion. On June 14, 2019, Judge Okun sentenced appellant to a concurrent term of twelve months of incarceration, execution of sentence suspended as to all but time served; three years of supervised release, suspended in favor of two years of supervised probation; and payment of $550 in costs to the Victims of Violent Crime Compensation Act of 1996. Appellant noted a timely appeal on July 12, 2019.[3]

---

[3] The trial court sentenced appellant to ten months of imprisonment on the fleeing count and sixty days of imprisonment on the reckless driving count and suspended both terms of imprisonment as to all but time served in favor of concurrent two and one-year terms of supervised probation, respectively.

## II.    Merger

For the first time on appeal, appellant argues that his convictions for reckless driving and fleeing from a law enforcement officer merge.  *See Brown v. United States*, 795 A.2d 56, 61-62 (D.C. 2002) (reaching merger issues which were raised for the first time on appeal).  We review claims of merger of convictions de novo to assess whether a violation of the Double Jeopardy Clause of the Constitution has occurred.  *Cullen v. United States*, 886 A.2d 870, 872 (D.C. 2005).  "[W]here the same act or transaction constitutes a violation of two different statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."  *Frye v. United States*, 926 A.2d 1085, 1098 (D.C. 2005) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)); *see also* D.C. Code § 23-148 (2012 Repl.).

The first statute at issue, D.C. Code § 50-2201.04(b), proscribes reckless driving:

> (b) Any person who drives any vehicle upon a highway carelessly and heedlessly in willful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving.

Next, D.C. Code § 50-2201.05b (b)(1) and (2) (2020) criminalize flight from a law enforcement officer.  The first subsection enacts a misdemeanor; the second, a felony:

> (1) An operator of a motor vehicle who knowingly fails or refuses to bring the motor vehicle to an immediate stop, or who flees or attempts to elude a law enforcement officer, following a law enforcement officer's signal to bring the motor vehicle to a stop, shall be fined not more than $1,000, or imprisoned for not more than 180 days, or both.

> (2) An operator of a motor vehicle who violates paragraph (1) of this subsection and while doing so drives the motor vehicle in a manner that would constitute reckless driving under § 50-2201.04(b), *or causes property damage* or bodily injury, shall be fined not more than $5,000, or imprisoned for not more than 5 years, or both.

(emphasis added).

In *Fox v. United States*, we held that where "the government established and the jury specifically found that, in fleeing from the police, [where the defendant] not only (1) engaged in reckless driving, but also (2) caused property damage" to another vehicle, the offenses did not merge.  11 A.3d 1282, 1289 (D.C. 2011), *abrogated on other grounds by Robinson v. United States*, 100 A.3d 95 (D.C. 2014).  "Property damage is not an element of reckless driving, so, in proving the offense of fleeing, the government proved a fact not necessary to prove reckless driving."  *Id.*

Six months later, in *Pelote v. District of Columbia*, we held that that D.C. Code § 50-2201.05b (b)(2) fully incorporates the reckless driving statute, D.C. Code § 50-2201.04(b), and that only one could be applied to conviction for the single occurrence at issue in that case. 21 A.3d 599, 607 (D.C. 2011). The occurrence in *Pelote* concerned a high-speed chase, during which the appellant drove through several stop signs and a red light, forcing other cars to stop to avoid a collision. *Id.* at 601. The appellant's flight caused no property damage or bodily injury, and thus the felony flight conviction was predicated solely on the reckless driving element in D.C. Code § 50-2201.05b (b)(2). *Id.*

The government argued that the word "manner" in § 50-2201.05b (b)(2), as in § 50-2201.04(b), describes only the action element—"the movement of the car"—not "the driver's state of mind." *Id.* at 606. Accordingly, the government argued that the reckless driving statute contains a *mens rea* element not embraced by the merely mechanical recklessness sufficient to enhance the penalty to felony status under the flight statute, § 50-2201.05b (b)(2). *Id.* In contrast*,* Mr. Pelote argued that the reference to driving "the motor vehicle in a manner that would constitute reckless driving under § 50-2201.04(b)" embraces all elements of reckless driving. Thus, according to Mr. Pelote, the word "constitute" appears to cover reckless driving as a whole.

Upon reviewing the legislative history, we determined that two plausible interpretations existed, and that the rule of lenity should apply.[4] We ultimately held that the reckless driving clause of D.C. Code § 50-2201.05b (b)(2) fully incorporates the reckless driving statute, D.C. Code § 50-2201.04(b). *Pelote*, 21 A.3d. at 607. As a result, because the reckless driving statute is wholly contained in the "reckless driving" felony fleeing provision, we held that the two must merge under *Blockburger*. *Id.*

Both appellant and the government highlight the timing of our decisions in *Pelote* and *Fox* for the purpose of determining which is the controlling precedent. *Fox* was decided January 27, 2011, while *Pelote* was decided June 16, 2011. However, we see no conflict between the two with respect to the issue in the present case. Indeed, the central holdings in each case harmonize to reveal a straightforward rule. *Pelote* holds that the reckless driving statute is wholly contained within the reckless driving element of D.C. Code § 50-2201.05b (b)(2). 21 A.3d at 607. *Fox* holds that, where a jury finds a defendant guilty of felony fleeing premised on

---

[4] "When a penal statute is capable of two or more reasonable constructions the 'rule of lenity' directs our attention to the least harsh among them." *U.S. Parole Comm'n v. Noble*, 693 A.2d 1084, 1103 (D.C.1997) (citation and internal quotation marks omitted).

multiple theories—i.e., some combination of reckless driving, property damage, or bodily injury—each theory is relevant under a *Blockburger* analysis. 11 A.3d at 1289. Together, the cases stand for the proposition that a felony fleeing conviction based in part on theories of "property damage or bodily injury" does not merge with a reckless driving conviction because the government must prove an additional fact beyond what is necessary for a reckless driving conviction.

In this case, the indictment charged appellant with felony fleeing based on both reckless driving and causing property damage and the trial court instructed the jury on both theories. At trial, the government established, and the jury found, that appellant caused property damage to both the Hyundai he was driving and the Volkswagen he struck in the course of fleeing from law enforcement. Furthermore, the parties stipulated that Ms. Alicsha Kelly was the owner of the Volkswagen Beetle and that the collision on December 31, 2018, resulted in damages to her car totaling $3,881.98. Accordingly, the offenses do not merge because the jury found appellant guilty of felony fleeing premised in part on a theory of property damage, which is a factual element that must be proved, but that is not contained in the reckless driving statute.

### III. Motion for Judgment of Acquittal

Next, appellant contends that the evidence presented at trial was insufficient to establish that Officer Drake signaled appellant to stop.[5] D.C. Code §50-2201.05b defines "signal" as "a communication made by hand, voice, or the use of emergency lights, sirens, or other visual or aural devices." Specifically, appellant points to the lack of "audible proof" of a signal at trial and argues that the jury was required to base its verdict on mere speculation, warranting reversal.

In assessing evidentiary insufficiency, we "view all of the evidence in the light most favorable to the government and give deference to the right of the fact finder to weigh the evidence, determine the credibility of the witnesses, and draw all justifiable inferences of fact . . ." *Belt v. United States*, 149 A.3d 1048, 1053 (D.C. 2016) (cleaned up). To prevail, appellant "must establish that the government presented no evidence upon which a reasonable mind could find guilt beyond a

---

[5] As noted *supra*, "The felony offense of fleeing from a law enforcement officer requires proof that a defendant (1) operated a motor vehicle; (2) knowingly failed or refused to immediately stop the vehicle or fled or attempted to elude a law enforcement officer, *following a law enforcement officer's signal to bring the motor vehicle to a stop*; and (3) drove the motor vehicle in a manner that (a) would constitute reckless driving, or (b) caused property damage, or (c) caused bodily injury." *Fox*, 11 A.3d at 1289 (emphasis added) (citing D.C. Code §§ 50-2201.05b (b)(1), (2)).

reasonable doubt." *Grissom v. United States*, 102 A.3d 1163, 1166 (D.C. 2014) (internal citations and quotations omitted).

Considered under these standards, appellant's argument is unconvincing. Officer Drake testified at trial that he not only identified himself as a police officer when he opened the car door, but also instructed appellant to step out of the vehicle and continued to instruct appellant to stop the car when appellant began to drive away. *See Tann v. United States*, 127 A.3d 400, 430 (D.C. 2015) ("[T]he testimony of a single witness is sufficient to sustain a conviction, even where contradicted by other witnesses or evidence . . . .We afford the jury's credibility determination substantial deference on appellate review."). When viewed in the light most favorable to the government, Officer Drake's testimony presents a sufficient basis for "which a reasonable mind could find guilt beyond a reasonable doubt." *Watson v. United States*, 979 A.2d 1254, 1256 (D.C. 2009). Thus, the trial court did not err in denying appellant's motion.

## IV.   Conclusion

Accordingly, the trial court's judgments on appellant's fleeing and reckless driving convictions are hereby

*Affirmed*