# Court of Appeals
## Tenth Appellate District of Texas

---

10-23-00423-CR

---

Jamie Thedford,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
19th District Court of McLennan County, Texas
Judge Thomas C. West, presiding
Trial Court Cause No. 2020-523-C1

---

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Jamie Thedford was convicted of three counts of indecency with a child by contact by touching the genitals (Count I) and the breast (Counts II and III) of I.M., a child. *See* TEX. PENAL CODE § 21.11(a)(1). He was sentenced to 20 years in prison for each count. Because Thedford could not raise his double jeopardy complaint for the first time on appeal and because the evidence was sufficient to support an essential element of the offenses, the trial court's judgments are affirmed.

## BACKGROUND

Thedford dated I.M.'s mother. When I.M. was 9 years old, she laid on her mother's bed, watching T.V. when Thedford entered and laid down next to her. I.M. rolled onto her side and Thedford began to cuddle with her from behind, pulling himself close to her, putting his arms around her with one arm on top of her, and wrapping his leg over the top of her legs. He then placed his hand on her shirt, touching her breast, and asked why her heart was beating fast. When she responded that she did not know why, Thedford moved his hand under her shirt and moved his hand around for a while, touching both of her breasts. Eventually, Thedford moved his hand down to I.M.'s stomach and rested his hand over her vagina, over her clothes. She felt him become aroused.

The next time something like this happened to I.M., she was a little older. This pattern occurred more frequently as she got older until her sophomore year when she told her school counselor what had been happening. Typically, I.M. would wake up to Thedford cuddling her from behind while she was sleeping in her own bed. He would have his hands resting either over her vagina or just over her, and he would cuddle her from behind. Sometimes, she felt him become aroused. She also said that sometimes he touched her breasts but sometimes he touched her vagina.

**DOUBLE JEOPARDY**

In his first issue, Thedford contends his convictions for Count I (indecency by contacting I.M.'s breast) and Count II (indecency by contacting I.M.'s genitals) violated the Double Jeopardy clause of the United States Constitution by subjecting him to multiple punishments for the same offense. Thedford raises his double jeopardy claim for the first time on appeal.

Because a double jeopardy claim affects fundamental, constitutional rights, it may be raised for the first time on appeal when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of the usual rules of procedural default serves no legitimate state interests. *Sledge v. State*, 666 S.W.3d 592, 599 (Tex. Crim. App. 2023); *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000).

Thedford contends a double jeopardy violation is clearly apparent on the face of the record because, relying on a case from the District of Columbia Court of Appeals, the act of touching I.M.'s breast occurred momentarily before the act of touching I.M.'s genitals, and thus, the two acts merged together creating one offense for which he was charged and convicted two times. *See Cullen v. United States*, 886 A.2d 870, 874-875 (D.C. 2005).

However, unlike the opinion in *Cullen* where the court could not determine from the statute or its history whether the conduct of the defendant

constituted one or more offenses, *id*. at 874, in Texas, it is well-settled that the gravamen of the indecency-with-a-child statute is the prohibited conduct and that the Legislature has determined that the commission of each prohibited act governs how many convictions may be had for a particular course of conduct. *Loving v. State*, 401 S.W.3d 642, 648-649 (Tex. Crim. App. 2013). Thus, Thedford's conduct, for the purposes of this issue, violated the indecency-with-a-child statute two separate times and constitutes two separate offenses.

Thedford has failed to show a double jeopardy violation on the face of the record. We need not discuss whether enforcement of usual rules of procedural default serves no legitimate state interests. Accordingly, his first issue may not be presented for the first time on appeal and is overruled.

## SUFFICIENCY OF THE EVIDENCE

Next, Thedford complains that the evidence is insufficient to support his convictions for Counts I through III because the State did not prove beyond a reasonable doubt that he took any action with the intent to arouse or gratify the sexual desire of any person.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d

654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

A person commits the offense of indecency with a child by contact if the person engages in sexual contact with a child younger than 17 years of age or causes a child younger than 17 years of age to engage in sexual contact. *See* TEX. PENAL CODE § 21.11(a)(1). Sexual contact means any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child if committed with the intent to arouse or gratify the sexual desire of any person. *Id.* (c)(1).

Thedford asserts the State cannot prove his contact with I.M. was made with the required specific intent to arouse and gratify his sexual desire because I.M.'s testimony, that she felt Thedford become aroused, was not credible. Thedford argues that, as a 9-year-old child when the abusive contact began, I.M. would not have had any knowledge of male arousal.

Even if we agreed that the jury could not have believed this part of I.M.'s testimony, a determination we do not make, the requisite specific intent can be inferred from Thedford's conduct alone. *See Abbott v. State*, 196 S.W.3d 334, 340 (Tex. App.—Waco 2006, pet. ref'd). I.M. testified that multiple times from when she was 9 years old until she was a sophomore in high school, Thedford

placed his hand on her breast under her clothes and also placed his hand on her vagina over her clothes. Thus, the jury could infer the requisite intent to arouse and gratify Thedford's sexual desires from Thedford's conduct and could find this essential element beyond a reasonable doubt. *See id.* (jury could infer from defendant's conduct of touching child's genitals that it was done with the intent to arouse and gratify his sexual desire).

Thus, viewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found beyond a reasonable doubt that Thedford touched I.M.'s breast and genitals with the intent to arouse or gratify his sexual desire. Issue two is overruled.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgments.

_____
LEE HARRIS
Justice

OPINION DELIVERED and FILED: August 7, 2025

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Affirmed
Do Not Publish
CRPM

